Good morning, my name is Elizabeth Daly. I represent Mr. Lizarraras-Chacon in this appeal. With the court's permission, I'll try to reserve three minutes of my time for rebuttal. A district court deciding a motion to reduce a sentence following a retroactive guideline amendment proceeds in two steps. The first step is determining eligibility, and this is a narrow circumscribed inquiry. It isolates the impact of the guideline amendment, and this is where the decision is unaffected. At the second step, the court exercises discretion, and it's only within that circumscribed scope of eligibility decided at step one. But once the court reaches step two, it conducts a robust, broad consideration of all relevant 3553A factors without constraining that consideration to the guideline amendment. The problem here is that the district court conflated the two steps and imported the restrictions from the first step into what should have been a broad 3553 analysis at step two. Counsel? Yes, your honor. Could I ask a very preliminary question? In light of the 28J letter in response, do we still have a dispute here? No. The dispute boils down to what the district court actually did and whether it considered the changes in the law or whether it excluded consideration of those changes. It appears to me that the district court did recognize the authority to consider the changes, but if you disagree with that, maybe you can put me to the record. Yes, your honor. I would encourage you to examine the district court's opinion. It appears at ER six to eight, the particular analysis that we're relying on. Our view is that the only fair reading is that the court decided that it could not consider the changes in the statutory mandatory minimum. We did review the opinion, and so I'm asking if there is a specific part there where you think that the court rejected that option. Yes, your honor. So I think that this district court actually understood that it was supposed to set out its analysis, and I think it really did a good job of setting out its analysis. So I'll walk you through how I read it, which is the first the court said, I recognize that 3582. I just want to go back to my question. Yes, your honor. I'm sorry. Given what the district court said, where do you think that the district court erred in terms of this subsequent opinion or subsequent change in the law analysis? So specifically what the court said is these arguments challenge a non-guideline aspect of the sentence, and they can't do that. So that's the first thing. That's not what these arguments did. They didn't challenge an aspect of the amendment. We didn't ask to change the statutory minimum. We didn't ask to change any of the relevant legal framework. We were looking for a 3553A consideration. And so then the next step is he said, well, does this fit within 3553A? And he said, no, it does not fit within the 3553A analysis. He says 3553A does not contemplate a changed mandatory minimum. So instead of and he said, because I can't consider that under 3553A, I'm only left with these other factors that I've already considered. So that's why I think that the judge erred, because these changes to the mandatory minimum do fit within 3553A. 3553A does contemplate these arguments that the judge said that it didn't. So that's why the legal analysis was understood the decision when it wrote its brief. That's how we understood the decision when we wrote our brief. And I think there's more evidence in the district court's first opinion, which is appears in the record at excerpts of record page 30. The district court in that case said, I understand that I'm supposed to leave my prior 3553A findings undisturbed. So that's further evidence that it didn't understand that when the law changes, as far as the relevant statutory penalties, that that does fall within a discretionary consideration that the court consider when it's looking at a later retroactive guideline amendment. It isn't the argument, though, that this court shouldn't leave an ambiguity hanging when it comes to whether there is discretion under Part 2 under 3553A. And to the extent we're even arguing about what the district court intended, that that is reason enough to remand and be crystal clear that the court does have discretion under 3553A to conduct a robust reassessment to the extent that factors of 3553A are pertinent to whatever the changed factual or legal scenario is. Absolutely. I think that's very correct that it's incumbent on the court of appeals to determine that the district court applied the correct legal standard. And if the opinion doesn't make that clear, then there's an error that should go back to the district court so that it can articulate the analysis that it applied and make clear that it did conduct that analysis. And I think that also there's an inference here that the court didn't consider it because you would expect more when you have a factor that's so fundamental to the initial sentence. I mean, this was a sentence that was driven by basically two factors, the guideline amendment and the minimum was brought up by the government at sentencing. It was brought up by the defense at sentencing. It was used as a basis to challenge the original 782 motion. And it was used by the district court as a reason to deny the original 782 motion. So if the district court had actually thought that this fell within 3553A and that it was permissible for consideration, you would expect something more than what you see in the opinion to show that the judge actually considered it. With the court's permission, I think I'll reserve the remainder of my time if there are no questions right now. It appears not. Thank you. Thank you. Ms. Daly? May it please the court, Amy Potter on behalf of the United States. I want to start with acknowledging that we filed a 28J. I apologize for the delay in recognizing that error, but we have recognized it and we agree with Ms. Daly that this change in the law can be, in some cases, an issue under 3553A. Where we disagree is whether the district court considered that change in the law in reaching its decision not to reduce the defendant's sentence. But wouldn't you agree that at least it's ambiguous? I mean, we can argue this back and forth, but when I read the order in two places, the court seems to decline an acknowledgement that it has the power. And then in a parenthetical, it says, you know, if the district court concludes that it would have imposed the same sentence, it sort of provides that language. But earlier, it talks about there's, you know, somehow it says to the extent that the defendant, and I'm paraphrasing, may be arguing the changes to the relevant mandatory minimum under Valencia Mendoza and the First Act somehow changed the court's analysis of the 3553A factors. The court does not agree. I mean, doesn't that alone create an ambiguity? And then it's repeated, you know, a paragraph later. So aside from sort of tipping the balance one way or the other, aren't we really just asking, is it ambiguous? Your Honor, if this court believes that it is ambiguous, the clearest answer is to remand and to clarify the record. I don't disagree with that. I think there is a fair reading, and the government stands on the end of its answering brief, that there's a fair reading that the district court, and let me be clear, when the district court says, I don't think it's part of the 3553A factors, we acknowledge that's incorrect. But he then goes on to say, it doesn't change my analysis of the 3553A factors. So he said, the district court says, look, I don't think it fits within 3553A, but I'm just telling you that it doesn't make a difference to me. And I think Ms. Daly has a good point that the government pushed the mandatory minimum as one of the reasons for the sentence, but I'm not just a district court. But doesn't the court say that because there's some language or somewhere, I don't recall the reference that, well, it's sort of the benefit of the bargain. You got what you negotiated. Isn't that part of the court's reasoning? That's certainly part of the reasoning in the initial opinion. I would have to look again at the second opinion. I do believe that the district court recognizes that there was a benefit of the bargain. Well, yes. I apologize, but I can't list it off. Well, I guess I think the reference the court's referring to is that he says, even though he may not have accepted the same offer today, where the law stands, that doesn't change the course of the process. That's pages 7 and 8. Yes, the bulk of the decision regarding the mandatory minimums for the opinion is pages 7 and 8. I suspect Ms. Daly is going to point out where it talks about the benefit of the bargain when she gets back. So hopefully she'll find that and clarify the record. Well, I mean, we're kind of in this situation. We're really in this funny situation where if we take the court at face value saying, well, even if I were to consider this, I would come out the same. And then we have opposite as well. Is it really clear that the judge had in his head and his heart his ability to consider the change? And we send it back and we get the same result because that's what he already said. So I think the question kind of boils down to whether the government really would have any opposition to remand given the arguments that have been made by his counsel. Your Honor, I don't have the authority to recommend remand at this point. We're standing on the opinion. I will acknowledge, and the government bears some responsibility for the lack of clarity in this opinion because we didn't address in the district court the change in the law at all. So we didn't take a position there, which I think culminated in my eventual error before this court in trying to reconstruct a basis for arguing that it shouldn't apply. But I do think I made an alternative argument in my brief that the court did consider it and rejected it. I think that's a fair reading. This is an abuse of discretion standard. Let me just raise another point. You know, just in terms of making a clear record, if something is as fundamental as a change to a mandatory minimum or whether a predicate offense triggers an enhancement, for a court to not, you know, to not go through an analysis and explain why or why not those factors might or might not lead to the same sentence, doesn't seem to me to, it makes it tough to argue that those factors were actually, you know, heart of hearts considered. Wouldn't you agree? It's certainly difficult, but we're here because it's not as clear as it could be. And again, because we didn't advance an argument on this, you know, the district court was left on its own. Well, I think it puzzles me to say you don't have the authority because obviously the 28J letter puts the argument on a different plane than it might have been had the government not acknowledged the state of the law. But if that's the case and the government's in its position, I don't see why the government would not say that it wouldn't oppose a remand, but of course it believes a remand is not an order. I don't, I think I apologize, Your Honor. I don't oppose a remand. We can certainly clarify the record. I'm not, I don't have the authority to ask this court to remand. So I do stand on the position that there is a fair reading of this opinion that this district court considered this and decided not to reduce the sentence and that we could go back and we'll do it again and this is the same result. So I'm not asking this court to remand. I'm not opposing a remand. Okay. I understand the distinction. I think I've set forth my best arguments on the opinion as it stands and the fair reading of that. If this court disagrees, I think, again, I'm not opposed to a remand to clarify the record. And unless the court has further questions, I'll submit on the brief and the 28-J that corrects my error. All right. Any further questions? If there's not, thank you. You have some rebuttal time. Thank you, Your Honor. I just wanted to explain why I don't think there is an alternative ruling here if it's still relevant. So I understood that there was reference to the parenthetical where there's a citation to Hughes in the opinion. I think it's at ER 7 and he says if the court would impose the same sentence, then there's no need to grant the reduction. And so I don't read that as an alternative ruling because he doesn't say if I considered the changed mandatory minimum. He said I can't consider the changed mandatory minimum and I would impose the same sentence knowing that I can't consider that. So I would expect a different explanation if the court did consider that there was an error at the initial sentencing and determined that, you know, that that was part of its 3553A analysis. There would be a different reason for coming up with the sentence. And as the court articulated... Counsel? Yes, Your Honor. It's clear from the record that the intent of this district judge on remand would be to give the same sentence. Should we direct the clerk to assign this case to another judge? If that's how the court reads the opinion, then it should be assigned to a different judge. I mean, this is... I don't read the opinion that way. This is your client. This is your client. And the time he spends in custody is up to the way in which this is treated on remand. That's certainly correct. Is it your position that the panel should consider directing the clerk of the District of Oregon to refer this case on remand to another judge? Your Honor, I think that this judge said I can't consider a different mandatory minimum. I don't understand his opinion to say if I did consider the change mandatory minimum, I would impose the same sentence. So I think it would be improper of me to say that this judge has committed to that sentence to the extent that a different judge would be needed. Thank you. And I just wanted to point out that I think Judge Pregerson hit on this, that this is a fundamental part of the court's influences of sentencing. Just like when there's a guideline error, it's presumptively prejudicial. In this case, there was a mandatory minimum error that we know from Valencia-Mendoza, which is fully retroactive. And that certainly influenced the sentence here. In cases like Garden Hire, the court has said we're not going to accept a bare conclusory alternative explanation. So I don't have anything further for the court. I'm happy to answer any further questions, and I appreciate the court's consideration. Thank you. I'd like to thank both counsel this morning for the argument. United States v. Lazarus-Chacon is submitted.
judges: Hawkins, McKeown, Pregerson